UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA PHIPPS,<br><br>                Plaintiff,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, *et al.*,<br><br>                Defendants. | Case No.: 3:21-cv-01514-DMS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 13]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order. ECF No. 13. The parties ask that the Court extend the fact discovery deadline of May 9, 2022 by approximately 120 days, and that the Court extend concurrently extend the remaining case deadlines as appropriate. *Id.*

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory

committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that despite their diligence, they require additional time to complete fact discovery for several reasons, including deposition scheduling difficulties, ongoing meet-and-confer efforts regarding written discovery—including Defendants' medical records requests, which are needed to schedule an independent medical examination of Plaintiff—and delays in obtaining medical and other records from all treating medical facilities and physicians, perhaps due to the lingering effects of the COVID-19 pandemic. ECF No. 13 at 2. Additionally, Plaintiff's counsel is scheduled to participate in two separate civil jury trials this month, and defense counsel is also scheduled to participate as lead trial counsel in a complex trial commencing April 4, 2022. *Id.* at 2-3. The limited availability of counsel for both sides is also a major factor precipitating the parties' request for additional time to complete fact discovery.

Having reviewed the parties' Joint Motion and attached declarations of counsel, the Court finds good cause to continue the fact discovery deadline in this case. However, the Court finds the parties have not adequately explained why an extension of 120 days is needed. It is not clear why the delays and scheduling conflicts outlined in the Joint Motion necessitate such a lengthy extension. Accordingly, the Court **GRANTS in part** and **DENIES in part** the Joint Motion. The Court hereby **AMENDS** the Scheduling Order as follows:

1. The parties shall designate their respective experts in writing by **July 1, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **July 22, 2022**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also

include the normal rates the expert charges for deposition and trial testimony.

2. By **July 1, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **July 22, 2022**.

4. All **fact and expert discovery** shall be completed by all parties by **August 12, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a

neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

    5.    Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    6.    All other pretrial motions must be filed by **September 12, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

All other dates, deadlines, and requirements set forth in the previous Scheduling Order (ECF No. 9) remain in place, except where explicitly modified herein.

**IT IS SO ORDERED.**

Dated: April 1, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge