UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA PHIPPS, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, a Delaware Limited Liability Company; LPC PENDLETON QUANTICO PM LP, a Delaware Limited Partnership; and DOES 1 to 50, inclusive,<br><br>                        Defendants. | Case No.:  21cv1514 DMS(AHG)<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER** |
| CAMP PENDLETON & QUANTICO HOUSING, LLC; LPC PENDLETON QUANTICO PM LP,<br><br>                        Counterclaimants,<br><br>v.<br><br>VICTORIA PHIPPS,<br><br>                        Counterdefendants. | |

This case comes before the Court on the parties' joint motion to amend the scheduling order.  Specifically, the parties request a 90-day extension of all pre-trial dates

1

and deadlines. Good cause appearing, the motion is granted. The Court hereby AMENDS the Scheduling Order as follows:

1. All fact discovery shall be completed by all parties by **January 11, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.

2. The parties shall designate their respective experts in writing by **February 28, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **March 20, 2023**. The written designations shall include the name, address and telephone number of the expert and a

reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **February 28, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 20, 2023**.

5. All expert discovery shall be completed by all parties by **April 10, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **May 10, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. A Mandatory Settlement Conference shall be conducted on **June 16, 2023**, at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **May 26, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file

or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **June 2, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 12, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 12, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 14, 2023**.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 14, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 21, 2023**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections

they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 28, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 4, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable Dana M. Sabraw on **August 11, 2023**, at **10:30 a.m.**. The trial is scheduled to start on **September 11, 2023**, at **9:00 a.m.**

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

Dated:  October 18, 2022

Hon. Dana M. Sabraw
United States District Judge